324 So.2d 336

**Harvey Lee BOBO, alias**

v.

**STATE.**

**6 Div. 2.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

Jeff B. deGraffenried, Tuscaloosa, for appellant.

TYSON, Judge.

The appellant was indicted for the robbery of $850.00, the property of Steven Weller, in the possession of Steve Swindle. The jury found the appellant guilty as charged, and fixed punishment at ten years imprisonment. The trial court then entered judgment in accordance with this verdict, and subsequently overruled the appellant's motion for a new trial.

Steve Swindle testified that he was a student at the University of Alabama, and a parttime employee of David and Company, located at 1300 University Boulevard, Tuscaloosa, Alabama. He testified that on the night of October 23–24, 1974, he was working the shift from midnight until 8:00 a. m., alone in the store. He testified that about 2:45 a. m., three black males entered the store, and that the first of these, one David Crawford, spoke to him. He testified that Crawford walked to the rear of

the store, that the appellant then came in with the other black male, and that Crawford grabbed him by the collar and pushed him. He stated that Crawford then took a piece of plastic pipe and threatened him with it, stating that he was going to strike him. At this time the appellant and his companion pointed a sawed-off shotgun at him and proceeded to take the proceeds from the cash register. He testified that he subsequently identified the appellant, Harvey Lee Bobo, and David Crawford at a line-up on January 15, 1975, at the County Jail. He stated that a little over $1000.-00 had been removed from the cash register that evening by the appellant and his two companions.

Mike Everrett testified that he was an investigator with the Tuscaloosa Police Department and that he was present when a line-up was conducted with both David Crawford and the appellant, Harvey Lee Bobo, at the County Jail, on January 15, 1975. He testified that the appellant was taken into custody on January 14, 1975. From the record:

"Q. If you would explain to the jury the manner in which the line-up was conducted and who was present at the line-up on the following day of January 15th?

"A. Would you repeat the question?

"Q. Yes. Explain to the jury how you went about conducting the line-up and who all was in the line-up and who viewed the line-up.

"A. At 4:30 P.M. on the 15th of January, 1975, myself and Investigator Palmer conducted a physical line-up at the County Jail. There were six persons in the line-up to be viewed. The persons were David Crawford, a John N. Jones, Billy Hurst, the defendant Harvey Bobo, Zebbie Moulton and Ezekiel Phillips. The two suspects were put in the line-up with other persons already in jail, persons that were not suspects in the case. We tried to get persons that were of the

same height and weight. All of these subjects were black males. We separated the two defendants, David Crawford being #1 out of the six, Mr. Bobo being #4 out of the six.

"Q. Is #1 you referred to as a person viewed the line-up?

"A. From left to right, David Crawford #1, Jones 2, Hurst 3, Bobo 4, Moulton 5 and Ezeliel Phillips #6.

"Q. And do you have a line-up room there?

"A. Yes, sir. It is viewed through a one-way glass with the suspects not able to see the witnesses under well lighted conditions where the victim is able to get as close to the suspect as he likes.

"Q. Now, who all was present in the line-up room?

"A. In the line-up room was attorney George Nichols and Mr. Callahan.

"Q. And were you present, Mike?

"A. Yes, sir.

"Q. And did Steve Swindle come in and view that line-up?

"A. Yes, sir. Along with fifteen others.

"Q. Now I will ask you to state whether or not Mr. Swindle made an identification.

"A. Yes, sir. He did."

The appellant then presented the testimony of several character witnesses. Each of them testified that he was in his Senior year at Druid High School, and that his general reputation was good.

The appellant, Harvey Lee Bobo, testified that he lived with his mother at McKenzie Courts in Tuscaloosa, Alabama, that his parents were separated, and that his mother was his principal support. He testified that he was a Senior at Druid High School. He testified that he was in the company of one David Crawford and

another by the name of John Childress when they entered the store known as David and Company in the early morning of October 24, 1974. He testified that David Crawford's younger brother, William, had come over to his house, and that with William he had gone next door to the Crawford home. He testified that William Crawford's older brother, David, and another by the name of John Childress were over there drinking wine. He stated that they said they wanted to go out to buy some cigarettes, that he just rode in the car with them, and that John Childress was driving. He stated that he was seated on the rear seat, and that David Crawford was on the front seat with Childress. He stated that they stopped by two or three places, that they were closed, that they then pulled over to David and Company when they noticed that the store was open. He said that Crawford went in, that he walked in shortly after, with Childress, and as they were going in, Childress pulled a shotgun out. He testified that Crawford had hit the man on duty, that Childress had made him get out of the car and go in with him, that Childress had a shotgun and also a .357 Magnum pistol with him. He stated that Childress took the proceeds from the cash register and kept the money. He stated that the two men dropped him off near his home, and that he had not seen John Childress since that night. He stated that the other men, David Crawford and John Childress, were older than he was and were larger.

On cross-examination, and over objection, exception, and motion for a mistrial, the district attorney was permitted to ask the appellant if he, in the company of David Crawford, did not rob two students behind Palmer or Sommerville Hall on the University of Alabama Campus about 8:30 p. m. on the same evening as the robbery of David and Company. The two students were identified as Larry Henley and Crosby Latham. This purportedly took place as the students were getting out of their automobile in a parking lot. The appellant denied being anywhere around the University that night, or threatening or robbing the two men.

In rebuttal, the State of Alabama was permitted to call Crosby Latham, who testified that he was a student at the University of Alabama, and on the night of October 23, 1974, about 8:30 p. m., he was accompanied by a friend, named Larry Henley, that they had been out at McFarland Mall shopping, that they had pulled up in the back of Sommerville or Palmer Hall, looked at an antique car, and as they were getting out of the automobile, over objection, exception, and motion for a mistrial, that he was accosted by the appellant, Harvey Lee Bobo, and his friend, David Crawford. He stated that the two of them pointed a pistol at him, then took his checkbook and his wallet, and also took that of his companion. He testified that he subsequently identified the two men in a police line up on February 4, 1975, as being the appellant and David Crawford.

The appellant's able counsel asserts as error the rulings of the trial court in permitting the appellant to be cross-examined pertaining to this purported incident involving the two University students approximately six hours prior to the robbery of David and Company.

Also, on the same grounds the appellant asserts as error the rulings of the trial court permitting the State to allow Crosby Latham to testify as a rebuttal witness over objection, exception, and motion for mistrial, as to this incident.

The trial court, in its ruling, stated to the jury that this testimony was admitted solely on the question of intent, and in its instructions, the trial judge further so instructed the jury in its oral charge.

Judge Harris, speaking for a unanimous court in *Lambert v. State,* 48 Ala.App. 600, 266 So.2d 812, noted the following:

"Evidence of other distinct criminal acts is admissible when relevant to the crime

charged, as bearing on scienter, intent, motive, res gestae, identity of the accused and as bearing on the issue of insanity when that defense is asserted. See 'The Law of Evidence in Alabama' by Judge J. Russell McElroy, Vol. 1, 2nd Ed. pp. 166–169, 6 Ala.Dig.Crim.Law ☞365.''

In a thorough opinion, dealing with the same issue as here presented, Judge Harris, in *Murphy v. State*, 52 Ala.App. 490, 294 So.2d 457, cert. denied 292 Ala. 743, 294 So.2d 462, stated:

"These recognized exceptions to the general rule have developed into general categories and are listed in Wharton's Criminal Evidence, Section 31, as follows:

" 'These exceptions fall under the following general divisions: (1) Relevancy as part of res gestae. (2) Relevancy to prove identity of person' or of crime. (3) Relevancy to prove scienter, or guilty knowledge. (4) Relevancy to prove intent. (5) Relevancy to show motive. (6) Relevancy to prove system. (7) Relevancy to prove malice. (8) Relevancy to rebut special defenses. (9) Relevancy in various particular crimes. It is recognized that in many instances the line of demarcation is not clear, but the discretion vested in the trial judge, intelligently and considerately exercised, will enable the prosecution fully to present the charge, on the one hand, and, on the other hand, to protect the accused and secure to him the rights guaranteed to him by the Constitution and the laws.'

"From *Wilkins v. State*, 29 Ala.App. 349, 197 So. 75, we take the following as expositive of the very issue, and only issue, presented on this appeal:

" ' * * * It is a well-established common-law rule that in a criminal prosecution proof which shows or tends to show that the accused is guilty of the commission of other crimes or offenses at other times, even though of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged unless the other offenses are connected with the offense for which he is on trial. In other words, proof of such collateral offenses cannot be used as substantive evidence to establish the guilt of the accused as to the crime charged. 20 Am.Jur., Section 309, pp. 287, 288. Wharton's Criminal Evidence, 10th Ed., Volume 1, Section 30, p. 59. This well-established principle of criminal evidence, however, is subject to several equally well-established exceptions, which include cases where intent or identity is involved. As found in 22 R. C.L., Section 39, p. 1204: "But this general rule is not to be followed blindly and evidence rejected on the sole ground that it does show the commission of another crime. If evidence is relevant and competent it should be admitted regardless of its incidental effect. Accordingly it is held that evidence of another crime is admissible where it tends to identify the accused."

" 'And we also add that such evidence should also be admitted where it tends to show the intent with which the act was done. Or as stated in Underhill's Criminal Evidence, 4th Ed., Section 181, p. 318: "To this general rule there are several distinct exceptions which have been permitted *from absolute necessity, to aid in the detection and punishment of crime.* These exceptions ought to be carefully limited and guarded by the courts and their number should not be increased. But it must be admitted that the *modern* tendency on the part of the courts is to *be liberal* in the admission of evidence of collateral crimes. The exceptions to the general rule arise either from the necessity of the case or the nature of the offense, as for example, * * * when the *intent* or motive is to be proved from the circumstances, or where the *identity* of the accused is expressly in issue." ' (emphasis added)

"These exceptions to the general rule have become so embedded in the judicial fabric of the jurisprudence of this State that further citation of authorities would seem to be unnecessary. But for a collection of these authorities, see *Weatherspoon v. State*, 36 Ala.App. 392, 56 So.2d 793.

"Where several persons participate in a robbery, it is immaterial which one takes the property. *Gibson v. State*, 49 Ala. App. 18, 268 So.2d 49; *Parsons v. State*, 33 Ala.App. 309, 33 So.2d 164."

In the case at bar, the appellant, in his testimony on direct examination, contended that he had simply gone along in the automobile while David Crawford and John Childress were looking for cigarettes, that the two men were older and larger than he was, and it was on the direction of Childress that he got out of the car and walked into David and Company where the men accosted Steve Swindle.

▪ In light of this testimony, we are of the opinion that the appellant's intent on the occasion in question became a relevant and material point in the case. It was therefore proper for the trial court to permit the appellant to be cross-examined as to his purported involvement in the robbery of the two University students, some six hours prior to the David and Company robbery. This, too, also in the company of David Crawford. Since the appellant denied any participation or knowledge of this alleged robbery, it was proper for the State to establish this in rebuttal. The trial court so instructed the jury in the admission of this testimony, and also in its closing oral charge, that such was limited solely to appellant's intent.

We are of the opinion, upon careful examination of the record, that these rulings are correct, and the judgment appealed from, being without error, is due to be and the same is hereby

Affirmed.

HARRIS, DeCARLO, and BOOKOUT, JJ., concur.

CATES, P. J., dissents on authority of *Mason v. State*, 259 Ala. 438, 66 So.2d 557, 42 ALR2d 847.