TYSON, Judge.
The appellant was indicted for the robbery of Mr. and Mrs. Grady Oliver and their grandson, Kenny Oliver, by taking three pistols, four shotguns and one rifle, together with two watches and over $400 in currency, for a combined value of over $2,000 “by putting them in fear.” The jury found the appellant “guilty of robbery” and fixed punishment at 25 years imprisonment. The appellant was then sentenced in accordance with this verdict.
Rosa Lee Oliver testified that on January 3, 1975 she and her husband Grady Oliver lived at Route 7, west of Russell-ville, in Franklin County, Alabama. They had lived at this address for more than 13 years. She testified that early that morning there was a knock on the door and three men who identified themselves as fire alarm repairmen were admitted to work on the system in the attic. She stated she then went to the bedroom to awaken her husband and that her husband got up and dressed and when she walked back into the living room, the appellant had a pistol which he pointed at her and told her to be seated on the couch. She stated that he began taping her ankles and that in a few minutes when her husband entered the living room, the gun was then pointed at him and he too was directed to sit beside her where he too was taped up. The men then asked if anyone else was in the house and upon being told that their grandson, Kenny Oliver, was there one of the men went back and woke him and marched him into the living room dressed only in his underclothes where he too was taped up. The three men then began going through the house, opening drawers and searching for valuables.
About 40 or 45 minutes later Mrs. Oliver stated that her daughter-in-law Sandra Oliver, the wife of Grady Oliver, Jr., came by the house looking for mail and she heard her call from the carport door. As her daughter-in-law called, she answered to come in and the men then pointed pistols *236 at her and also tied her up with tape and strips which they cut from some old overalls. Mrs. Oliver stated that her daughter-in-law started to faint and that one of the men got a cold cloth which he placed on her daughter-in-law’s forehead.
She stated that her grandson was permitted to go to the bathroom one time and get her husband some heart medicine.
Mrs. Oliver’s testimony was corroborated by her husband Grady Oliver, Sr., who testified to the events which occurred at their home on the morning of January 3, 197S. He testified that two of the men were wearing green coveralls and the third had on a sports coat. He testified that they took his billfold which contained a Phillips 66 credit card with his name on it and he subsequently identified this card by its number at trial.
Mr. Oliver also identified a .32 caliber Smith and Wesson pistol which was taken as well as a .38 caliber pistol and some four shotguns and one rifle which were removed from the premises. He identified the serial number on the .38 as D311604 and on the .32 pistol as H37532. In addition Mr. Oliver stated that two watches and over $115 were taken from his billfold.
Kenny Oliver corroborated the testimony of his grandparents about being awakened on the morning of January 3, 1975, by a man dressed in green coveralls with a shotgun in his hand. He testified he was taken into the living room with only his underclothes on, where he was taped up with his grandparents but on one occasion was permitted to get some nitroglycerin tablets. He testified he had about $115 which he had given to his grandmother to keep and which was taken from her purse.
As with each of his grandparents he made a positive in-court identification of the appellant.
Sandra Oliver testified that she was married to Grady Oliver, Jr., and lived not far from her in-laws. She testified that shortly before 10 o’clock on the morning of January 3, 1975, she drove by their home and called to them and that her mother-in-law called to her. She stated that as she walked in, the appellant pointed a pistol at her and told her to be seated and that she was then tied up from strips cut from overalls. She made a positive in-court identification of the appellant as being the man who tied her up. She testified that some money was taken from her in-laws and some guns.
Thomas Holt, Jack Ledwell, Charlie Stoles, and Captain Keith Smith all testified that they were police officers of the City of Scottsboro, Alabama. Each testified that on January 19, 1975, they were called to come to Jack’s Drive-in Restaurant on Willow Street in Scottsboro. They testified that shortly after 10:00 p. m., they were investigating a homicide, and that the appellant identified a companion who had been wounded. A .32 caliber pistol, number H37532, a box containing another pistol and a Phillips 66 credit card number 666601815266 with the name Grady Oliver were found in a 1968 Pontiac automobile. The vehicle was in the possession of the appellant who turned over the keys to the investigating officers. Photographs of the vehicle and of the trunk of the vehicle showing the credit card and pistol box were placed in evidence, together with the .32 caliber pistol, number H37532.
At the close of the State’s case, the appellant made a motion for a directed verdict which was overruled, and appellant presented no evidence in his behalf.
I
The appellant contends that the admission of the Phillips 66 credit card, the .32 caliber pistol and photographs of the Pontiac automobile were reversible error.
We have carefully examined the testimony of each Scottsboro police officer and find that nowhere was there in the record *237 an objection to the various items identified by the officers which were admitted in evidence. Clearly, therefore, these matters are not before us for review. An objection to evidence must be made when such evidence is offered. Walker v. Ala., 265 Ala. 233, 90 So.2d 221; Lucky v. State, 50 Ala.App. 324, 278 So.2d 772; Jones v. State, 52 Ala.App. 184, 290 So.2d 251.
Moreover, the State here established that the Phillips 66 card was taken by the appellant from the possession of Mr. Oliver, Sr., on January 3, 1975. This was found in the trunk of the Pontiac. The appellant turned over the keys to this vehicle in Scottsboro to the officers though he claimed the vehicle belonged to his companion. Under this testimony we are of the opinion that these items were properly admitted in evidence. Murphy v. State, 52 Ala.App. 490, 294 So.2d 457, cert. denied 292 Ala. 743, 294 So.2d 462. Bobo v. State 56 Ala.App. 622, 324 So.2d 336; Gross v. State, 56 Ala.App. 709, 325 So.2d 216, cert. denied 295 Ala.-, 325 So.2d 218.
II
The appellant argues that the identification of the appellant in court by Mr. and Mrs. Oliver, Kenny Oliver, and Sandra Oliver was unduly suggestive. We have carefully examined each of these witnesses’ testimony and find that each made a positive in-court identification of the appellant.
Mr. and Mrs. Oliver, Sr., and Kenny viewed the appellant for more than an hour on the morning of January 3, 1975, at their home. Each stated that the basis of his identification in court was viewing of the appellant “out at my house on January 3, 1975.”
We find nothing improper in the identification process nor does this record disclose any unduly suggestive circumstance. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247.
We have carefully considered this record and find same to be free from error. The judgment is therefore due to be and the same is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ-, concur.
CATES, P. J., not sitting.