Appellant was indicted by the Marengo County Grand Jury for the offense of first degree assault, in violation of §13A-6-20, Code of Alabama 1975. Appellant was tried before a jury and found guilty as charged. He was sentenced to twenty years' imprisonment and was ordered to pay the victim $20,000 as restitution.
Prior to trial, a motion to suppress hearing was held to determine the voluntariness of a confession made by appellant to Marengo County Sheriff's Deputies. After hearing testimony, the trial court ruled appellant's confession voluntary, and, hence, admissible at trial.
Ralston Long, Jr., the assault victim, testified that he was a farmer in Marengo County near Uniontown, Alabama. He stated that, on September 29, 1982, around 11:00 p.m., a friend drove him out to one of his fields so that he could drive home a truck that was parked in the field. After he was dropped off, Mr. Long stated that he noticed a hose leading from his trunk's gas tank into one of several gas cans on the ground. He stated that his truck would not start because the ignition key was turned on, resulting in a dead battery. Radio knobs were missing and the contents of the glove compartment were strewn over the seat.
Upon finding the truck in this condition, Mr. Long decided to wait in the truck to prevent further tampering with it. He stated that he expected his friend to return when he failed to show up at his house.
While waiting in the truck for about twenty minutes, Mr. Long noticed a car that drove up and down the road several times. Soon thereafter this car drove into the field where he sat. As the car drove up to the truck, Mr. Long stated that he was blinded by the car headlights. He noticed, however, someone moving outside the passenger side of his truck. Shortly thereafter Mr. Long stated that he received a severe blow to his head. He stated that he was unaware at that time that he had been shot.
Mr. Long stated that he was able to leave the truck and walked over to the car. He could see someone in the car but could not identify the person. He stated that he felt his way to the back of the car where he got the car license plate number. As he did this, the car swung around, knocking him over, and drove away.
Mr. Long testified that he realized he was bleeding so he went back to his truck. He wrote the tag number, 53A-5102, on the dashboard of his truck in his own blood. He further testified that he recognized the car because it had once belonged to his grandmother. Soon thereafter, his friend returned to the field, and he was taken to the hospital.
Deputy Sheriff Dennis Mason of the Marengo County Sheriff's Office stated that he arrived at Mr. Long's field around 3:00 a.m. where he observed the truck with the tag number written in blood on the dashboard. Shortly thereafter, the car whose tag number was written on the dashboard was located. Deputy Mason stated that appellant was subsequently picked up for questioning between 4:30 and 5:00 a.m. that day and was placed under arrest at 6:00 a.m.
At approximately 8:15 a.m. that same day, Deputy Robert Wesley, in the presence of Officer Nate Conner, informed the appellant of his Miranda rights. Appellant thereupon signed a statement acknowledging that he received his rights and signed a *Page 818 
waiver of his rights. Deputy Wesley and Officer Conner signed as witnesses. At 9:15 a.m., appellant gave a taped statement implicating himself in the crime.
In his statement, appellant stated that he and Earl Banks were driving around on the night of the assault when they saw Mr. Long's truck parked in the field. They needed gas so they got some gas cans and siphoned gas from Mr. Long's truck. When these cans were full, they left to get more cans. When they came back, a man was sitting in the truck. Appellant stated that his companion went to open the truck door whereupon a "dude jumped up from out of his truck." Appellant stated that his companion fired the shot. Appellant stated that, at the time his companion fired the shot, he was standing at the rear of the truck waiting for the gas cans to get full.
Appellant contends that the trial court erred in denying his motion to suppress his confession made to Marengo County Sheriff's Officers because the statement was improperly obtained. Appellant argues that the length of time between his arrest and interrogation, coupled with the fact that appellant was tired due to lack of sleep, rendered the confession involuntary and therefore inadmissible.
A confession is presumed to be involuntary and, before its admission, there must be evidence presented to the trial judge sufficient to overcome this presumption. Hardy v. State,409 So.2d 996 (Ala.Cr.App. 1982). In determining the voluntariness of a confession, the totality of circumstances in each particular case must be considered. Moore v. State,415 So.2d 1210 (Ala.Cr.App. 1982). The trial judge must examine all attendant circumstances in making the determination of voluntariness, and the ultimate inquiry by the trial judge is whether the appellant's rational intellect and free will were overcome at the time he confessed. Eakes v. State,387 So.2d 855 (Ala.Cr.App. 1978). The determination of the voluntariness of the confession is within the sound discretion of the trial court. Hardy, supra.
After reviewing the testimony concerning the issue of voluntariness, we find that the trial court did not abuse its discretion in finding that appellant's statement was voluntarily made. Officer Mason testified that appellant appeared tired, but he was "very much aware of what was going on." He had no trouble communicating or responding to any questions asked of him.
Officer Wesley stated that appellant was read his Miranda
rights at 8:30 a.m. after being picked up between 4:30 and 5:00 that morning. At the time appellant signed the waiver Wesley stated that appellant was not under the influence of alcohol or drugs. He further testified that appellant was not threatened or coerced into making the statement, nor was he promised some benefit in exchange therefor.
The confession met all the requirements of voluntariness. Appellant was properly advised of his rights, including the right to counsel, and knowingly and intelligently waived the same. The confession was therefore properly admissible.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.