The appellant was found guilty of rape in the first degree and sentenced to life imprisonment without parole.
The victim in this case, a graduate teaching assistant at the University of Alabama, testified that on February 17, 1982, she was living in the 1500 block of 7th Street in Tuscaloosa. That night she went to bed around midnight with her apartment door locked and the key to it hung on a shoestring by the door. At approximately 5:30 a.m., the victim was awakened by the sound of breaking glass. She assumed her cat had broken something and arose to investigate. When she turned on the bedroom light a black man grabbed her by the neck. He held a silver-colored knife in her face, which appeared to be a kitchen knife or paring knife, and asked her several times, "See this?" He then turned his face away from her and said, "Don't look at me now and turn off the light." He forced her to the bed and told her, "You know what I want." She grabbed at her assailant's knife and discovered it was not very sharp. The appellant put the knife down and the prosecutrix attempted to run but was only able to move about two feet from him before he threw her back on the bed. He again threatened her with the knife and then performed oral sex on her; he next forced her to perform oral sex on him and finally he raped her.
The victim testified that once the sun began to rise she was able to observe her attacker's face and she identified the appellant as the man who had raped her. She testified that upon his departure that morning, she went immediately to her landlady's apartment and asked her to call the police.
Susanne Therry, who lived in the same general neighborhood as the victim, testified that at some time around 3 a.m. the *Page 836 
same night, she awoke to see a black man standing in her bedroom about four or five feet from her, staring at her. There was light on in the room and she was able to identify the appellant as the intruder. A friend of Miss Therry's was in bed with her asleep and the appellant left.
Witness Darlene Jones then testified that she had discovered that a small silver-colored stainless steel knife that was not very sharp and which was about six inches long had been stolen from her burglarized house the night before the prosecutrix was raped.
State witness Alphonzo Huggins was awakened by the appellant knocking on his door about 6:30 a.m. Appellant requested a ride back to Northport and Huggins drove him there.
Willie Marie Hinton of Northport said that the appellant, who had been a foster child in her home for many years, got out of a car in front of her house on the morning of February 18. She let him in the house and he told her he had had a good time.
Sergeant Alan Fondren of the Tuscaloosa Police Department testified on voir dire that the appellant admitted committing several crimes, including burglarizing the apartments of Susanne Therry and Darlene Jones. Officer Fondren's testimony before the jury included reading portions of an inculpatory statement made by the appellant. Appellant admitted breaking into the victim's apartment. Also read to the jury was appellant's denial of raping the prosecutrix since he claimed she gave her consent to have sexual intercourse with him after he broke in.
 I
Appellant first contends that the trial court erred in allowing testimony concerning the Therry and Jones burglaries into evidence. It is true that when a defendant is on trial for one crime, evidence that he committed another is not admissibleif that evidence is being proffered solely to show the defendant's bad character and propensity to commit illegal acts. C. Gamble, McElroy's Alabama Evidence § 69.01 (1) (3d ed. 1977).
There are, however, several well-established exceptions to this general exclusionary rule. One of these allows the admission of evidence of another crime where the evidence of the other crime, coupled with the evidence of the present crime, tends to show that the two crimes were committed under the same plan, scheme or design. Mayberry v. State,419 So.2d 262 (Ala.Cr.App. 1982), C. Gamble, McElroy's Alabama Evidence, § 69.01 (6) (3d ed. 1977).
In order for evidence of the two crimes to fall within the "plan, scheme or design" exception, there must be proof
 ". . . of a working plan, operating towards the future with such force as to render probable both the act and the accompanying state of mind." 2 Wigmore, Evidence § 300 (Chadbourn rev. 1979)
In addition, the crimes, to fall within this exception, should contain
 ". . . such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of which they are the individual manifestations." 2 Wigmore, Evidence § 304 (Chadbourn rev. 1979)
The prior crimes committed by appellant were burglaries, although the crime for which he was being tried was rape in the first degree. However, "It is not necessary that the criminal acts in question be the same. Crimes entirely dissimilar . . . may in fact be sufficiently connected . . . to warrant their admissibility." 1 Wharton's Criminal Evidence § 248 (C. Torcia 13th ed. 1972).
A consideration of the evidence surrounding appellant's break-in at the Therry apartment and his subsequent break-in of the prosecutrix's apartment can only lead to the conclusion that the crimes were part of the same plan, scheme or design. The crimes were committed within hours of one another in the same neighborhood. In each instance the appellant broke into the apartment *Page 837 
of a single woman and invaded her bedroom. It is true that Ms. Therry was not subjected to the sexual assault suffered by the victim in the instant case. Ms. Therry had company when the appellant broke into her apartment; the victim in the case now before us was alone.
Appellant also challenges the admissibility of testimony concerning the break-in of the Jones apartment. Ms. Jones, a young single female who lived in the same general neighborhood as Ms. Therry and the victim, testified that she left her residence on February 17, 1982, at 8 p.m. She returned on February 18th at approximately 2:30 p.m. to find that her garage apartment had been burglarized. She discovered that, among other things, a silver-colored knife was missing from her kitchen. The prosecutrix's description of the knife with which appellant threatened her matched the description of the knife stolen from Darlene Jones's apartment.
This testimony is admissible under another exception to the exclusionary rule. All evidence concerning the existence of the knife, and thus by implication all evidence surrounding the Jones burglary, was relevant to the issue of whether appellant committed forcible rape. He claimed the special defense of consent; appellant's theory of the case being that after he had broken and entered the victim's apartment, she elected to have intercourse with him at her own free will. The exclusionary rule does not apply where a prior crime or bad act is being offered to rebut a special defense. Bates v. State,405 So.2d 1334 (Ala.Cr.App.), writ denied, Ex parte Bates, 405 So.2d 1339
(Ala. 1981).
A discussion of these two exceptions does not mean that some of the other exceptions listed in Bobo v. State, 56 Ala. App. 622, 324 So.2d 336 (Ala.Cr.App. 1975), might not also apply.
We find no merit in this issue.
 II
Appellant next claims that the trial court erred in admitting a confession which appellant claims was involuntary.
Sergeant Alan Fondren testified that he talked to appellant, Robert Royal, on March 15, 1982 at the County Jail. The witness stated that before that interview, appellant was read hisMiranda rights. Royal indicated to Sergeant Fondren that he understood those rights and then he waived them. The police officer stated under oath that neither he nor anyone he knew coerced the appellant in any way to get his statement; Royal was not offered a reward or hope of reward and he was in no way threatened. The testimony on the issue of voluntariness was in conflict.
Appellant testified that Sergeant Fondren had told him or suggested that the blood test, as well as certain fingerprint evidence might implicate him. In addition, Royal claimed that Fondren told him he might also be charged in a two-year-old unresolved rape case. This was contradicted by Fondren.
Extra-judicial confessions are prima facie involuntary.Rogers v. State, 365 So.2d 322 (Ala.Cr.App.), writ denied, ExParte Rogers, 365 So.2d 334 (Ala. 1978). The trial court has the responsibility and authority to determine whether or not a confession has been made voluntarily. The court's finding "will not be disturbed unless it appears contrary to the great weight of the evidence or is manifestly wrong." Carter v. State,53 Ala. App. 43, 297 So.2d 175 (1974). "Making decisions based on disputed facts is an essential duty of trial judges." Sales v.State, 432 So.2d 560 (Ala.Cr.App. 1983).
The court did not err in the determination of voluntariness.
 III
The third claim appellant makes is that the trial court erred in that it erroneously admitted portions of the confession which included evidence of other crimes.
Specifically, appellant objects to the admission of the portions of the confession in which appellant admits burglarizing Darlene Jones's apartment. *Page 838 
The testimony established that the knife used by appellant to threaten the victim closely matched the description of the knife taken in the burglary of the Jones apartment.
We find, therefore, that the portions of appellant's confession dealing with the Jones break-in were clearly relevant to the issue of consent. Bates, supra.
Since we have previously established that the confession was voluntary, we find no error on the part of the trial court in admitting portions of it relevant to this case.
 IV
Appellant next objects to the court's not allowing him to prove that he made a certain answer to a question in his statement without putting the question into evidence. He also sought to doctor up the question and put that altered question into evidence. Originally, appellant's objection to introduction of the parts of the confession dealing with other crimes was sustained. The trial court refused to allow any portions of the statement into evidence except those dealing with the Jones burglary and the instant offense. Essentially, appellant was asked how much time elapsed between the earlier burglary and the rape of the prosecutrix.
The appellant replied, "Now, I didn't rape her." The two questions preceding appellant's response were as follows: "Where did you, go in on, and get the boots and these things up there on, next to the power company? How long was this before you went in on [the victim] and raped her?" Appellant argues that the question should be altered to read "You went in on [the victim] and raped her?" so that the questions and their reply would then exclude any references to other crimes.
The trial judge determines whether or not a statement is admissible. Hobbs v. State, 401 So.2d 276 (Ala.Cr.App. 1981). The court had sustained appellant's objection to admitting those portions relating to other crimes. The court has the duty to decide whether to refuse to admit less than a question and answer or to permit the alteration of the statement.
Thus, appellant's fourth issue is without merit.
 V
Appellant next contends that he was improperly sentenced because of the way in which his prior felony convictions were used to enhance his punishment. Appellant had pled guilty to seven separate felonies on the same day and some of the sentences were concurrent. He now argues that the prior convictions should be treated as one conviction for sentencing purposes. This is simply not the law. The case of Watson v.State, 392 So.2d 1274 (Ala.Cr.App. 1980), makes it clear that convictions such as these are to be treated separately. See also, Burgess v. State, 412 So.2d 298 (Ala.Cr.App. 1982),Chambers v. State, 418 So.2d 948 (Ala.Cr.App. 1982).
We find that the court in no way erred when it sentenced the appellant as a habitual felony offender with three prior felony convictions.
For the foregoing reasons, this case is hereby affirmed.
AFFIRMED.
All the Judges concur.