TYSON, Judge.
Vincent Maurice Ford, alias, was indicted for the capital murder of a Fairfield, Alabama police officer in violation of § 13A-5-40(a)(5), Code of Alabama 1975. The jury found the appellant “guilty of the capital offense as charged in the indictment.” The jury fixed punishment at life imprisonment without parole and the trial court then sentenced him to life imprisonment without parole.
The appellant does not raise the issue of the sufficiency of the evidence on appeal, therefore, the facts will be briefly stated.
The State introduced evidence which showed that the appellant shot and killed Myron Massey, a Fairfield, Alabama police officer, on August 9,1985 at approximately 2:57 a.m.
The evidence showed that, at approximately 2:00 a.m. that morning, Tim Payton saw a white Z28 pull into the service station where he was working. The two black males in the car exhibited suspicious behavior and Payton noticed that the driver started the car by pulling a pin in the steering column. He called the police and reported the incident.
Officer Thomas Northcutt of the Fair-field Police Department investigated the incident. He identified the appellant as the driver of the white Camaro Z28 automobile he eventually located. Northcutt sent a description of the vehicle and a license tag number into the police dispatcher.
A short time later, Northcutt heard Officer Massey respond over the police radio that he was following the described vehicle on 1-59 and was going to attempt to stop it. Less than a minute later Northcutt heard Massey respond, “I'm shot, oh, my God, I’m shot.”
Officer Thomas Mosley of the Fairfield Police Department arrived at the scene less than a minute after the shooting. Massey was lying on the ground in front of his patrol car and he told Mosley that “a young black male with a red hat on with something white on the cap” had shot him. Massey later died from loss of blood secondary to a gunshot wound to the abdomen.
William Scott Bryant testified that he and some friends were riding in his car at approxiately 1:30 or 2:00 a.m. on the night in question in Fairfield, Alabama. He identified the appellant as having been a passenger in a white Z28 Camero that pulled up next to his car. Another black male was in the car at the time. One of them fired a shot from a gun into Bryant’s car, hitting Bryant in the back of the head.
James Edward Rowry testified that at approximately 11:30 p.m. on the day in *1059 question he was abducted from the parking lot of a convenience store near Mason City, Alabama. The appellant approached him with an automatic pistol after he had left the store and said that he was going to take his car. The appellant and another person who was with him at that time got into Rowry’s car and ordered him to drive. The appellant told Rowry that he had killed the policeman and would kill Rowry, too, if he did not cooperate. The appellant ordered Rowry to stop the car in a secluded area and then forced him into the trunk of the car. Rowry later managed to escape from the trunk and call the police.
The only issue raised by the appellant on appeal concerns the admission of the testimony concerning the criminal acts allegedly committed by the appellant before and after the fatal shooting. The appellant contends that the evidence of the shooting incident involving Bryant and the abduction of Rowry which constitute “distinct and independent offenses” is inadmissible and does not fall within any of the exceptions to the general rule prohibiting such evidence. We disagree. See Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 ALR2d 847 (1953).
At trial this evidence was admitted as falling within the identity and/or intent exception. (Brief of appellant, p. 8). It is clear that the intent exception is applicable to the facts here. Dockery v. State, 269 Ala. 564,114 So.2d 394 (1959); Blackwell v. State, 264 Ala. 553, 88 So.2d 347 (1956).
It is well-settled law in Alabama that “ ‘[i]f the accused is charged with a crime that requires a prerequisite intent, then prior or subsequent criminal acts are admissible to show that he had the necessary intent when he committed the now-charged crime.’” Popwell v. State, 480 So.2d 41 (Ala.Crim.App.1985) (quoting C. Gamble, McElroy’s Alabama Evidence § 69.01(5) (3d ed. 1977)). Nicks v. State, [Ms. January 27,1987,6 Div. 556], (Ala.Crim. App.1987). In order for the exceptions to apply, it is necessary, however, that the accused’s intent be contested at trial. Pop-well, supra. Nicks, supra.
Certainly the criminal intent of the appellant was in dispute here. The appellant’s defense at trial was based on an “innocent bystander” theory. He admitted to having been present at the time of the shooting, but he denied actually shooting the police officer. The appellant contended that the boy with him at the time (Patrick Carr) was responsible for the shooting and that he was not aware that Carr was going to shoot the officer. See Seagle v. State, 448 So.2d 481 (Ala.Crim.App.1984); Bobo v. State, 56 Ala.App. 622, 324 So.2d 336 (1975). Cf. Ex parte Cofer, 440 So.2d 1121 (Ala.1983); Brewer v. State, 440 So.2d 1155 (Ala.Crim.App.1983); Jones v. State, 439 So.2d 1308 (Ala.Crim.App.1983).
This evidence was at least relevant for the purpose of showing the appellant’s intent with respect to a complicity theory of guilt. See Seagle, supra (evidence of appellant’s participation in subsequent robbery relevant to issue of whether she was an innocent witness to crime charged rather than a full participant); Whiddon v. State, 53 Ala.App. 180, 299 So.2d 326 (Ala.Crim.App.1973); Dockery, supra, Nick, supra.
We note, as well, that there is considerable support for the proposition that this evidence was admissible pursuant to the “motive” exception. See Gamble, supra § 69.01(7); Vincent v. State, 231 Ala. 657, 165 So. 844 (1936), and the “continuous criminal occurrence” and “identity” exceptions. See Gamble, supra §§ 60.01(3) and (8); Weeks v. State, 456 So.2d 395 (Ala. Crim.App.1983), aff’d, 456 So.2d 404 (Ala. 1984); Dewhart v. State, 455 So.2d 167 (Ala.Crim.App.1984); Love v. State, 372 So. 2d 414 (Ala.Crim.App;1979); Johnson v. State, 355 So.2d 1160 (Ala.Crim.App.1978). Bynum v. State, 348 So.2d 804 (Ala.Crim.App.1976), cert. quashed, 348 So.2d 828 (Ala.1977).
For the above stated reasons, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.