BOWEN, Judge.
Audie Lamar Howard was convicted for robbery in the first degree and sentenced to life imprisonment as a habitual offender. He raises three issues on this appeal from that conviction.
I
Howard contends that the trial court committed reversible error when it permitted the State to introduce evidence of a burglary.
The State’s evidence shows that, at approximately 10:10 on the night of March 26, 1988, the defendant and his accomplice, Harold Phillips, committed a robbery at the Majik Mart convenience store on Azalea Road in Mobile. The defendant was armed with a small pistol. He took approximately $70 in currency and a few food stamps from the cash register.
Approximately seven minutes after the robbery had been committed, the vehicle in which the defendant and Phillips were traveling was stopped by a Mobile police officer. Before the vehicle actually stopped, the officer observed Phillips throw a shiny object from the vehicle. This object was later recovered and identified as the pistol *1156 the defendant used in the robbery. The defendant and Phillips were taken back to the Majic Mart, where they were positively identified as the men who had just committed the robbery.
In a statement to the police, the defendant claimed that he and Phillips had left his house around 7:10 that night and had gone riding around together in his wife’s ear. He denied any knowledge of the robbery.
In his defense, the defendant’s wife testified that the defendant was not at home between sometime after 7:00 and five or ten minutes before 10:00 on the evening of the robbery. However, she testified that the defendant was at home at 10:15.
In rebuttal to this alibi testimony, the State called Susan Cambrón. She testified that between 6:30 and 9:00 on the night of the robbery her house was burglarized and a pistol was stolen. That pistol was identified as the one used by the defendant in the robbery.
“On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character, inclination or propensity to commit the type of crime for which he is being tried.” C. Gamble, McElroy’s Alabama Evidence § 69.01(1) (3d ed. 1977). However, it has also been recognized that “[i]t might be very important to know how and when the defendant obtained the pistol with which he” committed the crime. Rollings v. State, 160 Ala. 82, 89, 49 So. 329, 332 (1909). See also Johnson v. State, 265 Ala. 360, 364, 91 So.2d 476, 479 (1956) (“The proof introduced by the State explained why the defendant had the shotgun with him in that [the defendant] felt the need of having the shotgun to protect himself against the acts of [a third party, not the victim]. The allowance of such proof was proper.”). Before evidence is admissible that the accused stole the weapon he subsequently used in the charged offense, that evidence must be relevant to some issue in the case. Boggs v. State, 268 Ala. 358, 362, 106 So.2d 263, 266 (1958).
“Courts may admit evidence of collateral crimes or acts when it is relevant to rebut specific defenses such as alibi....” Schroeder, Evidentiary Use in Criminal Cases of Collateral Crimes and Acts: A Comparison of the Federal Rules and Alabama Law, 35 Ala.L.Rev. 241, 271 (1984). “Special pleas and defenses are available which, asserted by the accused, place all or a limited portion of his character in issue. The materiality of such character permits the prosecution to introduce any other criminal acts which are relevant to prove it.” McElroy at § 69.01(13) (1987 Supplement). “Evidence which incidentially shows the admission of some unrelated offense may be introduced where it is relevant to rebut special defenses. Snead v. State, 243 Ala. 23[24], 8 So.2d 269 (1942).” Bates v. State, 405 So.2d 1334, 1337-38 (Ala.Cr.App.), cert. denied, 405 So.2d 1339 (Ala.1981).
Significant factual similarities exist between the present case and that of Royal v. State, 447 So.2d 834 (Ala.Cr.App.1983). Royal involved a prosecution for forcible rape. The victim testified that the defendant threatened her with a silver-colored knife. The State was permitted to prove that prior to the rape, the apartment of another female had been burglarized in her absence, and, among other things, a silver-colored knife had been taken. This evidence was admitted to rebut the defense of consent. “The exclusionary rule does not apply where a prior crime or bad act is being offered to rebut a special defense.” Royal, 447 So.2d at 837.
Here, although Ms. Cambrón could not identify the defendant as the burglar, the defendant was sufficiently connected with that burglary. “[U]pon proof that a burglary has been committed, the possession soon thereafter of goods stolen in the burglary affords a logical inference, in the absence of a satisfactory explanation of the possession, that the possessor was the burglar.” Breazeale v. State, 51 Ala.App. 320, 322, 285 So.2d 130, 132, cert. denied, 291 Ala. 774, 285 So.2d 134 (1973). “The .unexplained possession of recently stolen property is a fact from which the jury may *1157 infer the accused’s guilt of theft of the property.” Prock v. State, 471 So.2d 519, 521 (Ala.Cr.App.1985).
In this case, the evidence of the burglary was admissible to rebut the defendant’s alibi defense. The prosecution introduced no evidence of the burglary until it became necessary to impeach the alibi testimony of the wife of the defendant. Under these circumstances, we find that the probative value of the evidence of the burglary outweighs the probability of unfair prejudice to the defendant. The trial judge did not abuse his discretion in admitting evidence of the burglary in the prosecution of the defendant for robbery.
II
The defendant alleges that he was denied the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, the defendant must make a two-part showing:
“First, the defendant-must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
A
The defendant contends that his trial counsel was ineffective because he introduced testimony of the “show-up” identification of the defendant by the victim at the Majik Mart soon after the robbery. He argues that this testimony could have been kept out of the trial if defense counsel had not attacked the victim’s in-court identification.
In determining whether an attorney rendered professionally reasonable assistance, “the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.” Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. It is apparent to this Court from our review of the record that defense counsel made a strategic decision to use the circumstances of the “show-up” identification to attack the witness’s in-court identification of the defendant. His attempt to discredit the witness’s identification of the defendant did not render his -performance deficient. The Supreme Court has recognized that such strategic decisions “are virtually unchallengeable.” Id.
“It is all too tempting for a defendant to second-guess counsel’s assistance after conviction ..., and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable_ A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.
In the instant case, counsel’s conduct clearly fell within the wide range of professionally competent assistance.
B
The defendant also contends that trial counsel was ineffective because he failed to object to the introduction of testi *1158 mony by the arresting officer that the defendant told him he was sweating at the time of his arrest because he had been playing basketball. The defendant argues that he was prejudiced by the officer’s testimony since it conflicted with a subsequent statement he gave to law enforcement officials.
It is our opinion that the admission of this statement did not render the defendant’s trial fundamentally unfair and, thus, did not prejudice him. We are confident that, absent this admission, the jury’s decision would have been no different. The defendant has not met his burden of establishing a reasonable probability that, but for the absence of an objection to this testimony, the outcome of his trial would have been different.
Applying the standard of Strickland v. Washington to the defendant’s claims of ineffectiveness, we cannot conclude that his trial counsel provided ineffective assistance.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.