The appellant, David Dwayne Carpenter, was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. He was sentenced to life in prison pursuant to the Habitual Felony Offender Act.
The state's evidence tended to show that on the evening of July 3, or in the early morning of July 4, 1988, Bennie Scott's automobile, a 1976 Chevrolet Camaro, was stolen from his mother's driveway in Russellville, Alabama. Evidence at trial showed that the appellant was living with his wife and child, several houses down the street from where the car was stolen. *Page 1278 
Also living in this house were William Slay and his girlfriend. Slay testified that during that evening the appellant got into an argument with his wife. Slay asked the appellant to leave. Slay further stated that the appellant had no car available for use at the time because his car was in his backyard up on blocks. He stated that when he got up the next morning the appellant was gone.
Bennie Scott's car was recovered in Blytheville, Arkansas. The appellant was also arrested there and was held for return to Alabama. Officer Nale and Sergeant Pounders went to Arkansas to bring the appellant back to Alabama. Officer Nale testified that when they picked up the appellant in Arkansas, he read him his Miranda rights and told him that they would not discuss the case until they got back to Russellville. He further stated that during the ride to Russellville they did not discuss the case. Upon arriving in Russellville, Officer Nale testified, he once again read the appellant his Miranda rights; he said that he made no threats or promises to the appellant and that at this time the appellant stated, "Y'all was good to me, I'm going to tell you just like it was." The appellant then gave a statement, which he signed. The statement was read into evidence. In his statement, the appellant admitted to taking the Camaro and exchanging the license tag with the one on his car, which was up on blocks in Slay's backyard. Appellant confessed to having taken approximately $300.00 which was in a wallet between the front seats of the car. He stated that he drove the car for a while and that then his brother-in-law took the car and would not give it back to him. He said that he had not driven the car for three weeks before his arrest.
 I
The appellant contends that his confession should have been suppressed upon the grounds that it was not voluntarily given. The appellant states that his testimony at trial contradicts the testimony presented by Officer Nale during the suppression hearing and that the statement should have been suppressed.
We note that during the suppression hearing the only evidence presented was the testimony of Officer Nale. The appellant did not testify during the hearing. A trial court's ruling will be reviewed in relation to the evidence presented to it prior to its ruling. At the time of the trial court's ruling, the only allegations made by the appellant concerning the confession were those made in the motion to suppress. The motion stated "[t]hat the defendant did not give the statement of his own free will and that he was promised several things in order to get him to sign a prepared statement."
"Extra-judicial confessions are prima facie involuntary. . . . The trial court has the responsibility and authority to determine whether or not a confession has been made voluntarily." Royal v. State, 447 So.2d 834, 837 (Ala.Cr.App. 1983). See also Bui v. State, 551 So.2d 1094 (Ala.Cr.App. 1988), aff'd, 551 So.2d 1125 (Ala. 1989); Griffin v. State,500 So.2d 83 (Ala.Cr.App. 1986); Magwood v. State, 494 So.2d 124
(Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala.), cert. denied,479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986); Koger v.State, 443 So.2d 1343 (Ala.Cr. 1983); Green v. State,439 So.2d 816 (Ala.Cr.App. 1983). "There must be evidence presented to the trial judge sufficient to overcome this presumption."Green, 439 So.2d at 818. The state must show that the statement was voluntary and that the appellant was read his Miranda
rights. See Griffin, supra. As Judge Patterson stated in Lewisv. State, 535 So.2d 228 (Ala.Cr.App. 1988):
 "The fundamental requirements for voluntariness are that the court must conclude, in order to find a defendant's confession voluntary, that he made an independent and informed choice of his own free will, that he possessed the capability to do so, and that his will was not overborne by pressures and circumstances swirling around him."
535 So.2d at 235.
The record in this case reflects that no promises or threats were made to the appellant before he gave his statement. He *Page 1279 
was read his Miranda rights. Thus, the record supports the conclusion that the statement was voluntarily made.
The appellant argues that his testimony at trial showed that the statement was not voluntary. As noted above, his testimony was presented after the statement had been received into evidence. Even had the appellant testified at the suppression hearing, the record still supports the ruling of the trial court. " 'The trial judge need only be convinced from a preponderance of the evidence that the confession was knowingly and voluntarily made.' " Griffin, 500 So.2d at 89. " 'Making decisions based on disputed facts is an essential duty of trial judges.' " Royal, 447 So.2d at 837. There was sufficient evidence presented to support the trial court's rulings. We see no reason to disturb its decision.
 II
The appellant also contends that the evidence was insufficient to support his conviction. After a review of the facts as stated above, we find that there was clearly sufficient evidence to present the case to the jury. We must view the evidence in the light most favorable to the prosecution. See Lewis v. State, 535 So.2d 228 (Ala.Cr.App. 1988); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). "Conflicting evidence presents a jury question not subject to review on appeal, provided the state's evidence establishes a prima facie case."Lewis, 535 So.2d at 236. We see no reason to disturb the jury's verdict here.
 III
Last, the appellant argues that his trial counsel was ineffective. This is raised for the first time on appeal. Our jurisdiction is appellate only. Trawick v. State, 431 So.2d 574
(Ala.Cr.App. 1983). We cannot consider matters on appeal which have not first been presented to the trial court. Harris v.State, 420 So.2d 812 (Ala.Cr.App. 1982).
For the foregoing reasons, this case is hereby affirmed.
AFFIRMED.
All the Judges concur.