The appellant, Wendall K. Malone, was convicted of robbery in the first degree. § 13A-8-41, Code of Alabama 1975. He was sentenced as an habitual felony offender to life imprisonment without parole.
The facts adduced at trial tend to establish the following. During the late evening hours of August 21, 1992, or the early morning hours of August 22, Marcus Hurley's vehicle broke down at a lounge in Sheffield, Alabama. Hurley testified that he asked a woman, a co-defendant in this case, Keachia Nwosu, to assist him in finding a ride home to Russellville, Alabama. According to Hurley, Nwosu found two men who said they would give him a ride home if he would pay them. Hurley stated that he had never seen the two men before.
Hurley testified that he, Nwosu and the two men got into a vehicle together and drove to Hurley's brother's house for Hurley to get some money. However, Hurley stated that his brother would not give him any money, so they drove to Hurley's mother's home, where he obtained $100. Hurley stated that he then had $200. Hurley further stated that the two men made statements about taking his money and "snuffing" him, but that he thought the two men were kidding. Hurley said they drove to Highway 43, he told the driver to turn right but the driver made a left turn. He said that he knew then that the individuals were serious about robbing him. Hurley stated that while they were still in the car, the appellant grabbed him from behind and began choking him. He stated that the driver then drove the vehicle to the side of the road and he was pulled out of the vehicle. Hurley testified that the two men kicked him and beat him about his face and that Nwosu was yelling, "Give us the money." Hurley stated that he felt hands go in his pocket and that he was kicked until he was unconscious.
Donnie Vandiver, a police officer with the Russellville Police Department, testified that he was working in the early morning hours of August 22, 1992, when he found Hurley in the median of Highway 43 in Russellville, Alabama. Vandiver stated that Hurley was on his hands and knees and that his face was cut and his eyes were swollen. Vandiver stated that he took Hurley to a hospital emergency room.
William Nale, a lieutenant with the Russellville Police Department, testified that he investigated the robbery. Nale testified that the appellant and Keachia Nwosu became suspects as a result of information given to him by an investigator with the Florence Police Department. According to Nale, he presented several photographs to Hurley and Hurley identified the appellant as his attacker and he was also able to identify Keachia Nwosu from the photographs.
Nwosu testified that she told Hurley that the appellant and another man would give him a ride home. She stated that she intended to spend the night with Hurley. She further stated that the appellant and another man took her and Hurley to his mother's house so that Hurley could get some money and that during the trip, the appellant and the other man said that they had an Uzi. According to Nwosu, after Hurley got the money, they were all in the vehicle heading toward Sheffield, Alabama. Nwosu stated that the appellant attacked Hurley in the vehicle, that the driver drove the vehicle off the road, and that Hurley was pulled out of the vehicle and beaten. Nwosu stated that she was frightened and that she told Hurley to give them the money. She testified that the appellant's companion reached in Hurley's pocket and took his money.
Defense witnesses, the appellant's family members, testified that the appellant was with them on August 21, 1991. They testified that they and the appellant went to a lounge in Sheffield. They further stated that the appellant became intoxicated to the extent that he was sick. According to the appellant's family members, the appellant was driven to his sister's house, where he passed out and stayed through the night.
After the appellant presented his alibi witnesses, the trial court allowed the State, over defense counsel's objection, to recall Nwosu, who testified that the appellant had beaten *Page 1009 
and raped her in Florence, Alabama, after he had beaten and robbed Hurley. Nwosu stated that the appellant and his companion let her go after the rape and that she called the police.
 I
The appellant argues that the trial court erred in allowing Keachia Nwosu to testify that the appellant had beaten and raped her after he had beaten and robbed Hurley. Specifically, the appellant argues that the testimony regarding the alleged rape of Nwosu was prejudicial character evidence offered solely to prove the appellant's propensity to commit violent crimes.
The general principle regarding evidence of collateral offenses is that evidence of collateral crimes is inadmissible if its sole purpose is to prove the propensity of the defendant to commit the charged offense. Howard v. State, 551 So.2d 1155,1156 (Ala.Crim.App. 1989); C. Gamble, McElroy's AlabamaEvidence § 69.01(1) (3d ed. 1971). However, there are several exceptions to this exclusionary rule. We quoted in Howard:
 " 'Courts may admit evidence of collateral crimes or acts when it is relevant to rebut specific defenses such as alibi. . . .' Schroeder, Evidentiary Use in Criminal Cases of Collateral Crimes and Acts: A Comparison of the Federal Rules and Alabama Law, 35 Ala.L.Rev. 241, 171 (1984). 'Special pleas and defenses are available which, if asserted by the accused, place all or a limited portion of his character in issue. The materiality of such character permits the prosecution to introduce any other criminal acts which are relevant to prove it.' McElroy at § 69.01(13) (1987 Supplement). 'Evidence which incidentally shows the admission of some unrelated offense may be introduced where it is relevant to rebut special defenses. Snead v. State, 243 Ala. 23[24], 8 So.2d 269 (1942).' Bates v. State, 405 So.2d 1334, 1337-38 (Ala.Crim.App.), cert. denied, 405 So.2d 1339 (Ala. 1981)."
551 So.2d at 1156.
In this case, the collateral offense evidence was offered by the State to rebut the appellant's alibi defense. Specifically, several family members had testified that the appellant was with them through the night on which the robbery occurred and until the following day. Keachia Nwosu's testimony regarding the collateral offense was allowed only in rebuttal to the appellant's alibi evidence and was not part of the State's case-in-chief.
Essentially, the appellant's defense was that he could not have committed the crime with which he was charged because he was with his family members in a different location and did not have the opportunity to commit the offense. Nwosu's rebuttal testimony was relevant to establish the appellant's whereabouts and his opportunity to commit the charged offense.
Moreover, the trial court gave a limiting instruction to the jury that the appellant was not being tried for rape and was presumed innocent of that offense which was pending against him. The trial court informed the jury that the collateral offense evidence was admitted solely for determining the identity of the perpetrator and to ascertain the appellant's whereabouts on the evening that the charged offense occurred. The limiting instruction given by the trial court lessened any prejudice that may have been caused by the testimony regarding the collateral offense. Therefore, we find that any prejudice caused by the testimony regarding the collateral offense was outweighed by its probative value.
 II
The appellant argues that the trial court erred by refusing to instruct the jury on lesser included offenses and by refusing to reread a portion of the jury instructions that were given.
 A
The appellant argues that the trial court erred by refusing to instruct the jury regarding assault in the first degree, assault in the second degree, and assault in the third degree, robbery in the second degree, and robbery in the third degree. We hold that the trial court did not err. *Page 1010 
"In Ex parte Curry, 471 So.2d 476 (Ala. 1984), our Supreme Court held, '[w]hen, as in this instance, the only defense is one of alibi, a defendant is not entitled to instructions on any lesser included offenses.' " McKeithen v. State,480 So.2d 36 (Ala.Crim.App. 1985). In this case, the appellant presented only an alibi defense and the issues presented to the jury were the identity of the appellant as the perpetrator and the appellant's opportunity to commit the offense. Thus, the appellant's requested charges were properly refused.
 B
The trial judge inadvertently misread a portion of the charges when instructing the jury. The trial judge, during the instructions, stated:
 "If you find from the evidence that the State has proved beyond a reasonable doubt each of these elements of the offense of robbery in the first degree as charged, then you should find the defendant guilty of robbery in the first degree. If you find that the defendant has failed to prove beyond a reasonable doubt any one or more of the elements of the offense of robbery in the first degree, then you cannot find the defendant guilty of robbery in the first degree."
Taking this instruction by itself, it appears that the trial judge placed the burden of proof on the defendant. However, when the trial court's instructions are reviewed as a whole, as they must be, Haney v. State, 603 So.2d 368, 411
(Ala.Crim.App. 1991), aff'd 603 So.2d 412 (Ala. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1297, 122 L.Ed.2d 687 (1993), the jury could only understand that this instruction was misread and that the State had the burden of proof. Before the misread instruction was given to the jury, the trial judge informed the jury:
 "The presumption of innocence with which the defendant enters into the trial is a fact in the case which must be considered by you along with all of the other evidence and is not to be disregarded by you. This presumption of innocence remains with the defendant during the trial until overcome by evidence which convinces you, the jury, of the defendant's guilt beyond a reasonable doubt. The State has the burden of proving the guilt of the defendant beyond a reasonable doubt and this burden remains on the State throughout the case. The defendant is never required to prove his innocence.
". . . .
 "A defendant has the right to rely upon failure of the prosecution to establish this proof beyond a reasonable doubt. A defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution and upon evidence presented on behalf of the defendant. The law as I said never imposes on a defendant in any criminal case the burden or duty of producing any evidence."
Considering the instructions as a whole, we are led to the conclusion that the only construction the jury could have given the instructions is that the State had the burden of proving each of the elements of robbery in the first degree and that the appellant had no burden of proof.
 III
The appellant argues that the Habitual Felony Offender Act is unconstitutional as applied to him in this case because, he says, it was applied in a discretionary and arbitrary manner in violation of his right to equal protection under the law. Specifically, the appellant states that he was convicted of two felony charges in 1988 and of another felony charge in 1992, but that he was not sentenced pursuant to the Habitual Felony Offender Act for the 1992 felony. The appellant argues that for his 1992 conviction, as an habitual offender with two prior felony convictions, he should have been sentenced to at least ten years' imprisonment and, he argues, because he was not so sentenced for the 1992 conviction, he has demonstrated the arbitrary application of the Habitual Felony Offender Act.
The appellant's argument is without merit. Clearly, the appellant was properly given the mandatory sentence to life imprisonment without parole in this case as an habitual offender. See § 13A-5-9, Code of Alabama 1975. Additionally, "[a] criminal *Page 1011 
defendant alleging an equal protection violation in sentencing has the burden of proving 'the existence of purposeful discrimination.' " Whitehead v. State, 593 So.2d 126, 129
(Ala.Crim.App. 1991) (citing McCleskey v. Kemp, 481 U.S. 279, 292,107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987)). No purposeful discrimination has been shown in this case.
The appellant also argues that he was not given proper notice of the State's intent to use a third prior felony to enhance his sentence as an habitual offender. The record reflects that after the jury returned its verdict of guilty, the State put the appellant on notice of its intent to use two prior felony convictions to invoke application of the Habitual Felony Offender Act. Moreover, the State requested a pre-sentence report to determine if there were other felony convictions it must use to enhance the appellant's sentence. The pre-sentence report informed the State and the appellant of a third prior felony conviction. The trial court granted the State a continuance to permit the State to provide the appellant with proper notice of its intent to use the third prior felony conviction under the Habitual Felony Offender Act. This procedure was proper.
In Aplin v. State, 421 So.2d 1299, 1302
(Ala.Crim.App. 1981), this Court held that, "[a]ssuming that the prosecution did not have knowledge of the appellant's prior convictions until the day of appellant's sentencing hearing, it should have requested a continuance in order to cure any defects in notice." In Smith v. State, 401 So.2d 251
(Ala.Crim.App.), cert denied, 401 So.2d 257 (Ala. 1981), this Court held that it is proper for the trial court to grant a continuance to a sentencing hearing to permit the prosecution to cure any notice defects for proper application of the Habitual Felony Offender Act.
 IV
The appellant argues that the trial court erred in refusing to grant his motion for a continuance made during the trial, to allow a defense witness to be brought to testify. Alternatively, the appellant argues that the trial court erred in refusing to grant a mistrial.
Defense counsel subpoenaed a witness who was at the Lauderdale County Jail. However, by the date of the appellant's trial, the witness had been transferred to the Kilby Correctional Facility. The trial judge stated that there was no indication in the court file that the witness had been served with the subpoena. Defense counsel admitted that he had not spoken directly with the witness, but argued that the witness would testify that Hurley told the witness that he was on drugs the night of the robbery and that he did not know who attacked and robbed him. The appellant argues that the witness's testimony was crucial because it would have placed the credibility of the victim in issue.
The trial court has discretion in determining whether or not to grant a continuance. McFarland v. State, 581 So.2d 1249
(Ala.Crim.App. 1991). This Court will not reverse the trial court's decision in regard to a continuance absent a showing of gross abuse of the trial court's discretion. Johnson v. State,542 So.2d 341, 343 (Ala.Crim.App. 1989). As the appellant acknowledges, the purpose of the testimony in this case was to impeach the credibility of a State's witness. This Court and the Alabama Supreme Court have held that in determining whether to grant a motion for a continuance on the ground of an absent witness, the testimony must not be merely cumulative or in the nature of impeachment. Mitchell v. Moore, 406 So.2d 347, 351;McClellan v. State, 628 So.2d 1026 (Ala.Crim.App. 1993);Prince v. State, 623 So.2d 355, 363 (Ala.Crim.App. 1992). Additionally, the expected testimony must be credible and probably affect the result of the trial. We hold that the appellant has failed to establish that the testimony of the witness was nothing more than impeachment testimony, was credible, or that it would probably affect the outcome of the trial. Therefore, we cannot hold that the trial court's denial of the motion for a continuance was an abuse of discretion.
Because a trial court's decision to deny a mistrial will not be reversed unless there is a showing that the trial court abused its discretion, Morton v. State, 581 So.2d 562
(Ala.Crim.App. 1991), and because we have found no abuse of discretion, the trial court's *Page 1012 
denial of the appellant's motion for a mistrial was, likewise, not error.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
PATTERSON and McMILLAN, JJ., concur.
BOWEN, P.J., dissents with opinion in which TAYLOR, J., joins.