8 So.2d 269

**SNEAD v. STATE.**

6 Div. 866.

Supreme Court of Alabama.

May 14, 1942.

Hollis B. Parrish, Jr., and Malcolm L. Wheeler, both of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

FOSTER, Justice.

Appellant was tried and convicted of rape and sentenced to execution. He was represented by two attorneys appointed by the court. They apparently did the work in an efficient and diligent way. No question is presented of a preliminary nature, either as to the indictment, the arraignment, setting the trial, time when it was had. The record shows regularity in all respects required under such circumstances.

The serious contention in the case was the identity of the guilty party. The alleged crime occurred on June 14, 1939. Defendant was arrested in January 1941. While he was in jail, the victim of the rape identified him, as shown by one tendency of the evidence, immediately on sight; that he then confessed his guilt and signed a written confession, as to which no serious question is here raised.

Defendant offered evidence of his good character, and also that in February, before June.14, 1939, he was injured in and about

24

demolishing a house, and on that day was using a cane or crutch, and was physically unable to commit the act of rape, as charged, and at that time was not able to walk upright; that he walked bent over and limped and could not lift anything.

On cross-examination of several of defendant's character witnesses, they were asked if they had not heard of defendant having assaulted or ravished several other women at specified places. The time for one was laid in January, 1939; another in June 1939, and another with no date specified. Appellant's counsel refer specially to that in which no date was specified. To all those questions the witnesses answered that they had not heard of those occurrences.

■ That form of cross-examination of a witness is not improper. Levert v. State, 225 Ala. 214(7), 142 So. 34. The limit to which it may be extended is largely in the discretion of the court. Meadors v. Haralson, 226 Ala. 413 (9 and 10), 147 So. 184. Whether it could be so abused as to constitute prejudicial error by asking such question in bad faith, without any sort of foundation for them, and to poison the mind of the jury by such means, is not here presented. While the witnesses answered in the negative, there may have been sufficient matter undisclosed to justify the inquiry. In fact, as to one of the instances, the victim of the alleged assault was allowed to testify in rebuttal that on June 3, 1939, she was in her room about day light. She related his acts and conduct on the occasion, tending to show that he was in full possession of his physical strength, had no cane or crutches, and was not limping. (Record page 58.) The court was careful to limit this evidence as in its nature rebutting that of defendant tending to show his physical condition on June 14th, from a cause alleged to have occurred prior to June 3rd. Counsel seriously and earnestly insist that this was but evidence of another crime, and that it is not within any permissible rule.

■ Of course the general rule is that other offenses unconnected with the crime charged are incompetent and irrelevant. But there are many exceptions to this general rule. 22 Corpus Juris Secundum 1089, Criminal Law, § 683; Glover v. State, 21 Ala.App. 423, 109 So. 125; Dennison v. State, 17 Ala.App. 674, 88 So. 211; Mitchell v. State, 140 Ala. 118, 37 So. 76, 103 Am. St.Rep. 17; Jackson v. State, 229 Ala. 48, 155 So. 581.

■ Evidence which is relevant to establish some element of the offense, or material as to some issue in the case, is not rendered inadmissible by the fact that it also tends to show another offense committed by defendant. 22 Corpus Juris Secundum 1116, Criminal Law, § 691, note 31; 20 Amer.Jur. 290, section 311; Wilkins v. State, 29 Ala.App. 349, 197 So. 75, certiorari denied 240 Ala. 52, 197 So. 81. This includes the right to introduce evidence to controvert a material aspect of defendant's evidence. People v. Jennings, 252 Ill. 534, 96 N.E. 1077, 43 L.R.A., N.S., 1206; Commonwealth v. Snell, 189 Mass. 12, 75 N.E. 75, 3 L.R.A.,N.S., 1019; Cook v. State, 155 Ark. 106, 244 S.W. 735; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Miller v. State, 130 Ala. 1, 30 So. 379; William Patterson v. State, ante, p. 21, 8 So.2d 268.

It is pointed out in Wilkins v. State, supra, that as stated in Wharton's Criminal Evidence, an exception to the rule of exclusion is where the state's evidence is (8) relevant to rebut special defenses.

In all instances, the question is whether the proposed evidence is pimarily to prove the commission of another disconnected crime, or whether it is material to some issue in the case. If it is material and logically relevant to an issue in the case, whether to prove an element of the crime, or to controvert a material contention of defendant, it is not inadmissible because in making the proof the commission of an independent disconnected crime is an inseparable feature of it.

■ An examination and study of the record discloses no reversible error. The judgment is affirmed.

The date set for the execution of appellant having past, this Court sets Friday, the 26th of June, 1942, as that on which it shall be carried out.

Affirmed.

All the Justices concur, except KNIGHT, J., not sitting.