261 So.2d 919

In re L. P. BROWN

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

5 Div. 924.

Supreme Court of Alabama.

May 1, 1972.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for petitioner.

Russell, Raymon & Russell, Tuskegee, for respondent.

HARWOOD, Justice.

There being unusual facets in this case, it was felt a full review should be accorded the petitioner, and accordingly we granted the writ and set the cause down for argument.

Having heard the arguments of respective counsel, and studied their briefs, we have concluded that the conclusion of the Court of Criminal Appeals, 261 So.2d 914 on rehearing is correct. It follows that the judgment of the Court of Criminal Appeals is due to be affirmed, and it is so ordered.

Affirmed.

HEFLIN, C. J., and LAWSON, COLEMAN and McCALL, JJ., concur.

MERRILL, BLOODWORTH, and MADDOX, JJ., dissent.

1. The question and answer at issue is as follows:

BLOODWORTH, Justice (dissenting):

I would reverse the Court of Criminal Appeals.

The question asked of defendant was, what other cattle he had had "repossessed or taken or seized that were stolen cattle." I think the objection to the question was properly overruled by the trial court.

As Judge Haralson pointed out, in his original per curiam opinion for that court, "the attorney for the appellant in his cross-examination of witness Hammock elicited testimony that other cattle alleged to be stolen were turned over by the defendant to Hammock in his investigation of other alleged thefts of cattle."

Thus, defendant's own counsel injected this inquiry into the case. Having injected this matter into evidence himself, I fail to see how the defendant can complain on this appeal because the trial judge refused to sustain his objection to a question (relating to the same matter) addressed to him on cross-examination.

This court specifically held where a defendant took the initiative in eliciting part of the details of a difficulty between defendant and another (which resulted in arrest of defendant by deceased shortly before homicide), the defendant could not object to the admission of such details in evidence by the State, although they were not admissible for the State in the first instance. Smith v. State, 183 Ala. 10, 62 So. 864 (1913).

Therefore, I most respectfully dissent.

MERRILL, J., concurs.

MADDOX, Justice (dissenting).

I would reverse and remand this case to the Court of Criminal Appeals.

The central question presented is the admissibility of evidence of other crimes allegedly committed by the defendant.[1]

"Q. In all, Mr. Brown, in the events of the past year, how many cattle have

734

I am of the opinion that the Court of Criminal Appeals correctly decided the issue on original deliverance and, on rehearing, misapplied the law of this state as it relates to the admissibility of evidence of other crimes when such evidence has bearing on the accused's motive, intent, and identity, or when such evidence rebuts evidence by the accused that his connection with the stolen article was innocent.

The general rule is that in a criminal prosecution proof which tends to show that the accused is guilty of other offenses, even though of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged unless the other offenses are connected with the offense for which the accused is being tried. Fuller v. State, 269 Ala. 312, 113 So.2d 153 (1959). But there are well recognized exceptions to this general rule. Evidence which is relevant to establish some element of the offense, or is material as to some issue in the case, is not rendered inadmissible by the fact that it also tends to show another offense committed by the defendant. *This includes the right to introduce evidence to controvert a material aspect of the defendant's evidence.* Snead v. State, 243 Ala. 23, 8 So.2d 269 (1942).

Brown was charged with larceny of a cow. He defended on the ground that he had *bought* the cow from one Jim Scott. The cow was admittedly in the possession of the defendant. As the Court of Criminal Appeals correctly pointed out on rehearing, on a trial for larceny, the corpus delicti having been established, unexplained possession by the accused of the recently stolen property is a fact from which the jury may infer guilt. The defendant sought to explain his possession by showing that he had bought the cow, and therefore, the taking of the stolen cow was by inadvertence or mistake. In order to contradict this evidence of the defendant that the taking was inadvertent, I think the State should have been permitted to present evidence that during the past year seven stolen cows had been repossessed from the defendant. The question which the District Attorney asked Brown was, "How many cattle have you had repossessed or taken or seized *that were stolen cattle?*" The opinion of the Court of Criminal Appeals seems to lay some stress on the fact that the repossessed cattle were released by Brown only on a *claim* that they were stolen. However, the question of the District Attorney and the defendant's answer, in my opinion, constituted sufficient proof that the defendant had turned over at least seven cows during the previous year which were, in fact, *stolen* cattle.

One of the essential elements of the offense of larceny is that the taking be felonious. 13A Ala.Dig., Larceny, ⊕⇒3. In view of the defendant's evidence explaining his possession, it was permissible for the State to contradict this evidence by showing that he had seven *stolen* cows repossessed from him during the year immediately prior to the date of the offense charged. This evidence was competent to rebut the evidence offered by Brown, and it was admissible for the purpose of showing a lack of innocent connection on the part of Brown with the cow made the basis of the instant charge. It was also admissible for the purpose of showing Brown's intent with respect to the taking of the cow, or as proving a legitimate chain of circumstances affecting his guilt of the instant charge. Mueller v. State, 85 Tex.Cr.R. 346, 215 S.W. 93 (1919); (Overruled in part, Sumner v. State, 133 Tex.Cr.R. 501, 112 S.W.2d 453 (1938)).

When a person is in possession of recently stolen property and claims posses-

you had repossesed or taken or seized that were stolen cattle?
" * * * (Objection of defendant overruled.)

"Q. How many have you had, Mr. Brown?
"A. Seven."

sion in good faith of the alleged stolen property, it has been held that evidence of possession of other stolen property is admissible to rebut the accused's claim of good faith possession of the alleged stolen property. Stone v. State, 89 Tex.Cr.R. 416, 232 S.W. 818 (1921), was a prosecution for the theft of a hog. The defense was an innocent connection with the pig and the defendant denied he had any fraudulent intent. He claimed he thought the pig was one bought by him from another. Defendant's wife had testified that the two shoats were brought to and placed by the defendant in a pen at the same time. There, the Texas Court of Criminal Appeals held that the fact of the defendant's possession of the alleged stolen property, and also his possession at the same time of other stolen property, would be admissible, the latter as rebutting his claim of possession in good faith, so that it was not error to admit testimony that the other pig belonged to a party other than defendant. This Court's case of Snead v. State, supra, seems to stand for the same proposition.

I am also in agreement with the view expressed by BLOODWORTH, J., and concurred in by MERRILL, J.