**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William Michael STUBBINS,**
**Defendant–Appellant.**

No. 88–3441.

United States Court of Appeals,
Eleventh Circuit.

July 11, 1989.

Theda R. James, Asst. Federal Public Defender, Tampa, Fla., for defendant-appellant.

Robert W. Merkle, U.S. Atty's. Office, Gregory R. Miller, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, HILL, Circuit Judge, and MARCUS *, District Judge.

PER CURIAM:

Defendant William Michael Stubbins appeals his convictions for conspiracy and distribution of five or more grams of "crack" cocaine, alleging that extrinsic evidence of a prior offense was impermissibly admitted in his trial. We affirm.

During the prosecution's case, DEA agent Ronald Boston testified that on July 16, 1987, he purchased about 50 rocks of cocaine from Stubbins and co-defendant Lorenzo Stubbins in a residence at the Ponce de Leon Housing Project in Tampa. Boston testified, over defense objection, that during the transaction the defendant expressed some reluctance to "do the deal" because he was already under indictment, but that he would do it because he needed the money. Agent Boston also testified that although his report indicated that the offense took place at 1808 24th Avenue, he learned from another officer some time later that the correct address was 1808 23rd Avenue. During cross-examination and in the defense case, this discrepancy was repeatedly highlighted, apparently to suggest that Stubbins' nephew was the person who was involved in the charged transaction. Stubbins' nephew lived at the 24th Avenue address.

Over objection, Tampa Police Officer Paul Miller was permitted to testify that on April 9, 1987 he saw the defendant in the street outside 1808 23rd Avenue, showing a pill bottle to a person in a car. When the defendant saw Miller, he fled into the residence and attempted to empty the bottle down a drain. About 30 pieces of crack cocaine were recovered from the sink. Mil-

ler testified that charges for this incident were still pending against the defendant on the date of the transaction at issue in this case.

In his defense, Stubbins' mother and sister testified that in July 1987 Stubbins was living with his mother at a different location, and was at home at the time of the offense recovering from surgery.

The defense objected to Boston's and Miller's testimony as improper character evidence under Fed.R.Evid. 404(b). The defense argued that the extrinsic offense was being offered solely on the issue of identity, and contended that the offenses were too dissimilar and neither contained any distinguishing "signature" characteristics to support admission for this purpose. The district court admitted the evidence, ruling that it was admissible to show a common design or scheme to distribute cocaine as well as to prove identity. After the evidence was introduced, the court, at the defendant's request, instructed the jury that it only could consider the other acts evidence in deciding whether the defendant acted willfully. The judge repeated that instruction during the final jury charge. He did not instruct the jury that it could consider the extrinsic evidence to establish identity or the existence of a common scheme.

■ We first note that the judge's failure to instruct as to these other possible uses of the extrinsic offense evidence does not preclude our consideration of whether they would justify admission of the evidence, particularly because the court gave the instruction requested by the defense. *See United States v. Arteaga-Limones,* 529 F.2d 1183 (5th Cir.), *cert. denied,* 429 U.S. 920, 97 S.Ct. 315, 50 L.Ed.2d 286 (1976). It is well settled that evidence relevant to an issue other than the defendant's character is admissible unless its probative value is "substantially outweighed by its undue prejudice." *United States v. Beechum,* 582 F.2d 898 (5th Cir.1978) (en banc),

---

* Honorable Stanley Marcus, U.S. District Judge for the Southern District of Florida, sitting by designation.

**44**

*cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

■ By its terms, the Rule allows evidence if relevant to show identity or plan. Because such evidence would be so prejudicial on the identity issue, it appears to us that a court should be cautious in admitting such evidence unless it could meet the identity standard.

■ The standard for evaluating 404(b) evidence is particularly stringent when it is offered to show identity. *See United States v. Lail,* 846 F.2d 1299 (11th Cir. 1988); *United States v. Myers,* 550 F.2d 1036 (5th Cir.1977), *appeal after remand,* 572 F.2d 506 (11th Cir.), *cert. denied,* 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978). The *Beechum* court stated the standard: "[t]he physical similarity must be such that it marks the offenses as the handiwork of the accused. In other words, the evidence must demonstrate a modus operandi." 582 F.2d at 912 n. 15.

■ In this case, the distinctive feature of both offenses was that they occurred at the same address. As the district judge stated in his ruling on the evidence question, "both offenses were involved with or originated in or were a part of the use of the same premises and ... that factor is sufficiently unusual and distinctive as to constitute a modus operandi ..." The defense was mistaken identity and counsel made much of the fact that Agent Boston's report had a different address from the one he gave in his testimony. The extrinsic offense evidence helped to explain how Boston later discovered, from conversations with Miller, the incorrect address on the report and supported his identification of the defendant as the person who sold him the cocaine. Further, the person who sold cocaine to Agent Boston stated that he was already under indictment. This further served to identify defendant as the person involved in the cocaine sale.

Because the evidence meets the test for admission on the issue of identity, it is not necessary to consider other possible grounds for its admission.

■ During oral argument of this case, counsel for the Government argued that any time an individual is charged with sale of crack cocaine and denies involvement, evidence of any prior crack offense would be admissible, even without clear evidence as to the identity of the actors in each instance. The Government's position would render the *Beechum* balancing test a nullity. We strongly reject the Government's argument that our cases permit this result. Our decision today affirming the admission of this evidence fully comports with *Beechum* and its progeny, holding as we do that the extrinsic offense is sufficiently similar so as to be relevant to show identity.

It was not an abuse of discretion for the district judge to admit the evidence in this case. *See United States v. Edwards,* 696 F.2d 1277, 1280 (11th Cir.), *cert. denied,* 461 U.S. 909, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983).

AFFIRMED.