33 So.3d 1277 (2008)
Antonio JACKSON, Jr.
v.
STATE of Alabama.
CR-06-1019.
Court of Criminal Appeals of Alabama.
September 26, 2008.
Rehearing Denied December 19, 2008.
Erskine R. Mathis, Birmingham, for appellant.
Troy King, atty. gen., and Michael G. Dean, asst. atty. gen., for appellee.
McMILLAN, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
BASCHAB, P.J., and SHAW and WISE, JJ., concur in the result. WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
I believe that the trial court improperly admitted evidence that Antonio Jackson, Jr., previously had been convicted of capital murder and that the admission of such evidence in Jackson's current capital-murder trial was unduly prejudicial. Therefore, I must respectfully dissent from the unpublished memorandum.
The record shows that Willie Jennings's girlfriend, Ladreka Davis, testified that she and Jennings went to the mall the morning just before Jennings's death. Jennings was wearing a "rest-in-peace" T-shirt bearing a picture of his cousin, Tavaris Cottrell, who had been murdered. (R. 62.) Davis said they saw Jackson and the co-defendant, Efferman Moore, as they were leaving. Jackson approached Jennings and said, "Man, you know I didn't do that," referring to Cottrell's killing. Davis said Jennings responded, "Man, whatever," and then Davis and Jennings left the mall. (R. 63.) Jennings was shot and killed shortly afterward.
During the course of the trial, the prosecution introduced evidence of Jackson's capital-murder conviction for Cottrell's death. The trial court admitted the certified *1278 document showing the conviction over Jackson's objection that it was inadmissible character evidence and that its prejudicial value outweighed its probative value.
On appeal, the State argued that the conviction was reasonably necessary to the prosecution's case because, it said, it tended to connect Jackson's statement to Jennings's murder and to show the motive for the confrontation between Jackson and Jennings at the mall and the motive for the subsequent killing of Jennings. I disagree.
"`"`The decision whether to allow or not to allow evidence of collateral crimes or acts as part of the State's case-in-chief rests within the sound discretion of the trial judge."' Akin v. State, 698 So.2d 228, 234 (Ala.Crim.App.1996), cert. denied, 698 So.2d 238 (Ala.1997), quoting Blanco v. State, 515 So.2d 115, 120 (Ala. Crim.App.1987).
"`In Bradley v. State, 577 So.2d 541 (Ala.Crim.App.1990), this court stated:
"`"We have recognized that the list of traditionally recognized exceptions is not exhaustive and fixed. See Nicks v. State, 521 So.2d [1018] at 1025 [(Ala.Crim.App.1987), aff'd, 521 So.2d 1035 (Ala.), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 948 (1988)]. `It must ever be borne in mind that the state may prove the accused's commission of another crime if such other crime is relevant for any purpose other than that of showing his guilt through the medium of bad character.'
"`C. Gamble, McElroy's Alabama Evidence § 69.0[1](1) (3d ed.1977) (quoting Mr. Justice McElroy, 2nd ed.).
"`"`In all instances, the question is whether the proposed evidence is primarily to prove the commission of another disconnected crime, or whether it is material to some issue in the case. If it is material and logically relevant to an issue in the case, whether to prove an element of the crime, or to controvert a material contention of defendant, it is not inadmissible because in making the proof the commission of an independent disconnected crime is an inseparable feature of it.'
"`"Snead v. State, 243 Ala. 23, 24, 8 So.2d 269, 270 (1942). However, even though evidence of collateral crimes or acts may be relevant to an issue other than the defendant's character, it should be excluded if `it would serve comparatively little or no purpose except to arouse the passion, prejudice, or sympathy of the jury,' Spellman v. State, 473 So.2d 618, 621 (Ala.Crim.App.1985), or put another way, `unless its probative value is "substantially outweighed by its undue prejudice,"' United States v. Stubbins, 877 F.2d 42, 43 (11th Cir.), cert. denied, 493 U.S. 940, 110 S.Ct. 340, 107 L.Ed.2d 328 (1989) (quoting United States v. Beechum, 582 F.2d 898 (5th Cir.1978) (en banc), cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979))."'"
Alexander v. State, 987 So.2d 643, 649-50 (Ala.Crim.App.2007), quoting Gamble v. State, 791 So.2d 409, 439-41 (Ala.Crim. App.2000).
Here, whether Jackson was actually convicted for the murder of Cottrell is irrelevant to show motive or any other issue in this case. Rather, Jennings's apparent belief that Jackson had killed Cottrell, which appeared to lead to an exchange of words between him and Jackson, would be the evidence relevant to show a motive for Jackson to kill Jennings. Whether Jackson was convicted for the killing has little, if anything, to do with why Jackson would have killed Jennings following their confrontation at the mall. Furthermore, I am hard-pressed to see how the death of Jennings *1279 would benefit Jackson as far as Cottrell's death is concerned, and so I am dubious as to how Jackson's conviction for Cottrell's death would lead one to a motive for killing of Jennings.
The State suggested an alternativeand I believe far more likelymotive for Jackson to kill Jennings, i.e., a revenge killing for the supposed theft of illegal drugs from Jackson. Jennings's mother, Dorothy Delemus, testified that Jennings and Jackson had been friends but that she disapproved of Jackson because he was a drug dealer. She acknowledged that Jennings had sold drugs with Jackson.
I agree with Jackson that the introduction of his capital-murder conviction for the death of Cottrell was unnecessary. Allowing the jury to hear of the conviction was far more prejudicial and served to inflame the jury more than it did to add any probative value to the proceeding. Accordingly, I believe that the trial court abused its discretion in allowing evidence of Jackson's capital-murder conviction to be admitted.
For the reason set forth above, I would reverse the judgment of the trial court and remand this cause for further proceedings. Therefore, I must respectfully dissent.