[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10236
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00259-MLB-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TITUS LAMB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 28, 2020)

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Titus Lamb appeals his conviction for two counts of Hobbs Act robbery, three counts of bank robbery, and two counts of brandishing a firearm. On appeal, Lamb argues that the district court abused its discretion when it admitted Fed. R. Evid. 404(b) ("Rule 404(b)") evidence of a prior Mississippi bank robbery. Lamb also argues that the district court erred in denying his motion for judgment of acquittal because sufficient evidence did not exist for a reasonable jury to find him guilty of Counts 1-6 of the superseding indictment.

I.

We review the district court's decision to admit prior crimes or bad acts under Rule 404(b) for abuse of discretion. *United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008). We recognize a three-part test to determine if evidence is admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that a jury could find by a preponderance of the evidence that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by undue prejudice, as established in Fed. R. Evid. 403 ("Rule 403"). *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). The principles governing Rule 404(b) evidence are the same whether the conduct occurs before or after the

2

charged offense.  *United States v. Dickerson*, 248 F.3d 1036, 1046 (11th Cir. 2001) (citation omitted).

Under the first prong, Rule 404(b) permits the admission of prior bad acts evidence to show motive, identity, preparation, knowledge, and intent.  Fed. R. Evid. 404(b)(2).  The test for whether Rule 404(b) evidence should be allowed varies depending on the issue for which it is offered.  *United States v. Lail*, 846 F.2d 1299, 1301 (11th Cir. 1988) (citation omitted).  The standard for establishing identity is particularly stringent.  *Id.* (holding that the district court abused its discretion because the similarities between the charged conduct and the 404(b) evidence did not provide a "signature" and there were major dissimilarities between the charged robberies and the 404(b) robbery).  We have held that when 404(b) evidence is introduced for identity, the similarities between the two offenses must demonstrate *modus operandi* or the handiwork of the accused.  *United States v. Stubbins*, 877 F.2d 42, 44 (11th Cir. 1989) (citation and quotation omitted).  Evidence cannot be admitted to prove identity if the defendant has simply at other times committed the "same commonplace variety of criminal act."  *United States v. Phaknikone*, 605 F.3d 1099, 1108 (11th Cir. 2010) (citation and quotations omitted).

In *United States v. Whatley*, we held that an uncharged bank robbery was admissible under Rule 404(b) because it was sufficiently similar to the charged

3

crimes to prove *modus operandi*.  *United States v. Whatley*, 719 F.3d 1206, 1218- 19 (11th Cir. 2013).  In *Whatley*, the charged and uncharged robberies both involved a casually dressed bank robber who committed takeover style bank robberies.  *Id.* at 1218.  We noted that there were no major dissimilarities between the charged and uncharged offenses.  *Id.*  We also noted that the later charged robberies were most similar to the uncharged attempted bank robbery, which suggested that Whatley's *modus operandi* evolved over time.  *Id.* at 1218- 19.

Under prong two, the prosecution must prove by a preponderance of the evidence that the extrinsic act occurred.  However, the uncorroborated testimony of an accomplice can provide a sufficient basis for concluding that the defendant committed extrinsic acts.  *United States v. Bowe*, 221 F.3d 1183, 1192 (11th Cir. 2000).

The third prong of the Rule 404(b) test consists of balancing, under Fed. R. Evid. 403 ("Rule 403"), the probative value of the evidence against its prejudicial effect, and requires the court to conduct the Rule 403 inquiry based "upon the circumstances of the extrinsic offense."  *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005).  We view the disputed evidence in the light most favorable to admission, maximizing the probative value of the evidence and minimizing the prejudicial impact of the evidence.  *United States v. Elkin*, 885 F.2d 775, 784 (11th

4

Cir. 1989).  The risk of undue prejudice can be reduced by an appropriate limiting instruction.  *Edouard*, 485 F.3d at 1346.

Here, the district court did not abuse its discretion in allowing Rule 404(b) evidence of the Mississippi bank robbery because it was relevant to prove identity and its probative value outweighed the risk of unfair prejudice, particularly in light of the district court's limiting instructions.  Throughout the trial and on appeal, Lamb's sole argument was that he did not commit the Georgia robberies with Williams; as a result, Lamb made identity the primary issue during trial.  At trial, the district court allowed in evidence of Lamb's prior conviction for a Mississippi bank robbery for the purpose of proving the identity of the robber in the charged conduct.  Here, the robberies were sufficiently similar to meet the standard required to present the Rule 404(b) evidence.

The Mississippi robbery occurred in July 2015, approximately one month after the last robbery charged in the indictment.  *Dickerson*, 248 F.3d at 1046.  During the Mississippi bank robbery, the robber asked to make a withdrawal, had a note which specifically referenced shooting and dye packs, asked the teller to "hurry the F up," started counting down, had a backpack, and was described as being around 6'3" or 6'4", thin, young, black, and wearing a hat.  Kay Vandiver, the teller at the Mississippi bank identified Lamb as the robber.  Williams testified that she and Lamb robbed the bank together and used her Buick LaCrosse.

The first charged robbery was the robbery of the CVS which occurred in December 2014. The CVS robbery had several similarities, including the use of the same getaway car, partner, the use of a note, a gun, and a countdown. Additionally, the CVS clerk identified the robber as being between 6'3" and 6'4". The second charged robbery was the Morrow Fidelity Bank robbery in early January 2015. During the Morrow robbery, the robber had a note that stated he had a gun, had a countdown, the same partner, and was identified as being 6'3" to 6'6", slim, black, and leaving in the same getaway car. The third charged robbery was of the McDonough Fidelity Bank robbery in late January 2015. In the McDonough robbery, the robber had a gun, was somewhere around 6'3" to 6'5", 170 pounds, wore a scarf, had the same partner, and the same getaway car. The fourth charged robbery was of a Dollar General in April 2015. That robbery was also similar because the robber had a gun, the same partner, the same getaway vehicle, and was given a similar description. The final charged robbery was of the Bank of North Georgia in June 2015. The robbery at the Bank of North Georgia also had several similarities: the man asked to make a withdrawal, handed her a note, went through a countdown, used the same getaway car and partner, and was described similarly. Additionally, a dye pack went off following the Bank of North Georgia robbery.

6

The robbery of the Bank of North Georgia was the closest in time to the robbery in Mississippi and had the most similarities. There, the robber asked to make a withdrawal, was described similarly, and used a note, a countdown, the same getaway vehicle, and the same partner. *See Whatley*, 719 F.3d at 1218-19. Additionally, the note in the Mississippi robbery specifically mentioned not to include a dye pack, suggesting that Lamb had adapted his modus operandi. *See id.* Furthermore, there were no major dissimilarities between the crimes, such as a different weapon, multiple robbers in banks or convenience stores, or a vast change in technique. *See Lail*, 846 F.3d at 1301. All of the robberies involved a similarly described man, the same partner, the same getaway car, and very brief threats interactions. The robberies do not appear to be so "commonplace" that any individual could have committed then. *Phaknikone*, 605 F.3d at 1108.

Furthermore, the Rule 404(b) evidence of the Mississippi bank robbery was more probative than prejudicial. *See Ramirez*, 426 F.3d at 1345. Here, Lamb's primary defense was that he was not the one that committed the robbery; thus, identity was the main issue during the trial, making the probative value of the Rule 404(b) evidence particularly high. *See Smith*, 459 F.3d at 1295. Additionally, the district court provided multiple limiting instructions to the jury reducing the risk of undue prejudice. *Edouard*, 485 F.3d at 1346. Thus, the district court did not abuse its discretion by admitting the Rule 404(b) evidence because it was relevant to

prove identity and its probative value outweighed its prejudicial effect especially in light of the district court's limiting instructions. Accordingly, we affirm Lamb's convictions.

## II.

When the defendant properly preserves the claim, we will conduct a *de novo* review of the claim. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). The district court's denial of a motion for judgment of acquittal will be upheld if a reasonable trier of fact could determine that the evidence establishes the defendant's guilt beyond a reasonable doubt. *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). We view the facts and draw all reasonable inferences in the light most favorable to the government. *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001) (citation omitted). We must sustain a verdict where there is a reasonable basis for it in the record. *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010). In conducting sufficiency review, we will not consider testimony incredible as a matter of law unless it cannot, on its face, be believed, such as where the witness could not have observed certain events or they are contrary to the laws of nature. *United States v. Thompson*, 422 F.3d 1285, 1291 (11th Cir. 2005).

The district court did not err by denying Lamb's motion for acquittal. Lamb's ex-girlfriend's testimony was not incredible as a matter of law: she testified that she and Lamb committed each robbery together, and the government presented additional testimony and evidence that corroborated that Lamb robbed the stores and banks. *See Thompson*, 422 F.3d at 1291.    The government introduced several witnesses who testified about the robber's height and appearance as well as the getaway car.  The witnesses corroborated some of the details Williams provided about the various robberies.  It also introduced surveillance footage and photos of several of the robberies.  A reasonable trier of fact could find Lamb guilty beyond a reasonable doubt on Counts 1-6, especially when the evidence is viewed in the light most favorable to the government.  *See Hansen*, 262 F.3d at 1236; *Rodriguez*, 218 F.3d at 1244.  Accordingly, we affirm Lamb's convictions.

**AFFIRMED.**